SMITH et al. v. VULCAN IRON WORKS OF SAN FRANCISCO.

(Circuit Court, N. D. California. December 5, 1892.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—BAND-SAW MILLS.
   Letters patent No. 442,645, granted to Samuel R. Smith on December 16, 1890, for improvements in band-saw mills are valid; and claims 1, 2, 3, 4, 5, 6, and 10 *held* to be infringed by mills made under and according to the specification of letters patent No. 468,303, granted to the Vulcan Iron Works, as assignee of Charles J. Koefoed, on February 2, 1892.

2. SAME—CONSTRUCTION OF CLAIM—FORMAL CHANGES.
   Where a patentee, in his specification, describes his device as being cast in one piece, and claims it in that form, but does not by express words disclaim other forms, it will be deemed that the specification specifies the single casting merely as the best form in which the patentee has contemplated embodying his invention, and accordingly the claim will be construed to cover a device performing the same function and similar in construction to that of the patentee, except that it is cast in two pieces, and bolted together.

3. SAME—INVENTION.
   Where there is doubt as to the presence of invention, the presumption arising from the grant of the patent will control, and the defense of noninvention will fail.

In Equity.

Suit by Smith, Myers, and Schnier, of Cincinnati, assignees of Samuel R. Smith, for infringement by the Vulcan Iron Works of San Francisco, upon patent No. 442,615, granted to Samuel R. Smith on December 16, 1890, for "improvement in band-saw mills." The invention consisted in an outside support for the front bearings of the band-wheel shafts, and also in a sensitive automatic straining device, whereby any slack of the saw is taken up, and the saw kept at the proper tension. The outside support consisted of a single hollow casting, described in the specification as follows: "The front support of the band-wheel shafts is a single hollow casting, consisting of the horizontal portion, D, which has outwardly projecting flanges, d, which are

FIG.1

FIG.2.

FIG.3.

planed off to joint against the planed seat upon the column, C, to which it is securely held by bolts, and the vertical arms, D¹, D², which receive and support the boxes or front bearings of the band-wheel shafts."

The claims charged to have been infringed read as follows: "(1) In a band-saw mill, the combination, with the band wheels and main supporting frame or column, of an integral standard carrying the front bearings of the upper and lower band-wheel shafts, said standard being attached to the front side of said main frame or column, between said band wheels, substantially as hereinbefore set forth. (2) The combination, substantially as specified, of the hollow supporting column, C, and the hollow casting, D, D¹, D², centrally secured to said column, to furnish rigid supports for the front

bearings of the upper and lower band-wheel shafts. (3) A support for the
front bearings of the band-wheel shafts, having the flanged horizontal por-
tion, **D**, to be secured to the supporting frame, and the vertical arms, **D¹**, **D²**,
cast in one piece with said central portion, the said part, **D**, being bored to
receive the adjustable bearing of the upper band-wheel shaft. (4) The com-
bination of the base plate, **A**, cast in a single piece, the column, **C**, having
a flanged base to be secured to said base, **A**, the front support for the band-
wheel shafts consisting of the casting, **D**, **D¹**, **D²**, and shield, **D³**, together
forming a supporting frame for band-saw mills, substantially as hereinbefore

FIG. 4.

set forth. (5) In a band-saw mill, the combination of the supporting frame,
the vertically adjustable bearings for the upper band-wheel shaft, mounted
in said frame, the transverse shaft, **G**, mounted on knife-edge bearings in
said frame, and having arms, **g**, **g¹**, secured upon said shaft to support the
bearings of said upper band-wheel shaft, and the weighted lever, **K**, se-
cured upon said shaft between the knife-edge bearings to counterpoise the
bearings of the upper band-wheel shaft, and provide a sensitive automatic
adjustment for the same, whereby the saw is kept at the proper tension,
substantially as hereinbefore set forth. (6) The combination, substantially
as hereinbefore set forth, of the supporting frame, the transverse shaft,

G, having knife-edge bearings, g³, secured in it, the supporting plates, g⁴, resting on brackets in said frame, the arms, g, g¹, having steps at their outer ends, the hardened steel adjustment screws, g², passing through said steps, the vertically adjustable bearings for the upper band-wheel shaft resting upon said screws, the lever, K, secured upon said shaft, and projecting through the frame, the rod, k, upon the outer end of said lever, K, the cap nut, k¹, upon said rod, and the removable weights, k², for the purpose specified." "(10) In a band-saw mill, the combination of the column, C, brackets projecting from said column, a rock shaft having knife-edge bearings resting upon said brackets, a weighted lever, and two arms, g, g¹, secured upon said rock shaft, with the band-wheel shaft and its boxes, and rods supporting the boxes, said rods resting upon the arms, g, g¹, substantially as shown and described." The defendant made and sold band mills constructed under the patent No. 468,303, granted to it as assignee of the inventor, Charles J. Koefoed, on February 2, 1892, in which was shown an outside support for the front bearings of the band-wheel shafts, differing from that of Smith only in being cast in two pieces, and then bolted together. In the straining device of complainants' patent, the rock shaft was mounted on knife-edge bearings by inserting the knife edges into the under side of the shaft at each end, and allowing them to vibrate in a small grooved plate resting on a bracket attached to the frame. In the defendant's straining device, this arrangement was reversed, the knife edges being inserted into the brackets and the grooved plates in the rock shaft.

J. H. Miller, M. M. Estee, and Geo. J. Murray, for complainants. John A. Wright, for respondent.

McKENNA, Circuit Judge, (orally.)　This is an action for the infringement of a patent for a band-saw mill.　The defense is want of invention and of novelty, and that respondent has not infringed.　A great deal of testimony was taken, and the case ably and elaborately argued, but the demands of the court prevent a review of the evidence.　I do not know that it would be useful any way.　While the machine is not a complicated one, yet it cannot be understood except by reference to drawings and models and explanations of them.　A verbal description would only confuse; hence I will not attempt it.　It may be said generally, quoting counsel for complainants, that—

"The patent shows a main supporting frame securely attached to a base plate, consisting of an upright hollow metallic column, preferably of circular form. Attached to the front of this column is a hollow casting, consisting of three parts, the first a horizontal part bolted to the main column, and the second and third parts vertical hollow arms to receive the bearings of the upper and lower band-wheel shaft. The entire casting is of T shape, horizontally disposed, with the stem bolted to the main column, midway between the band wheels. Through the center of this outside column and the main column is a horizontally disposed transverse rock shaft, resting on knife-edge bearings attached to brackets, and having a straining weighted lever attached to the center of the rock shaft at right angles. The weight on this lever, which can be increased or diminished at will, operates to vibrate the rock shaft on its knife-edge bearings. The front bearing of the upper band-wheel shaft is axially secured upon the top of a depending trunnion, which fits snugly into the bore of the upper hollow arm of the outside supporting column, and is tapped at its lower end to receive a screw shaft, which rests in a step in the outer end of a short arm secured to the rock shaft. The rear bearing of the upper band-wheel shaft has a similar arrangement for its support. It will thus be seen that the weighted lever secured to the rock shaft between the knife-edge bearings counterpoises the two bearings of the

upper band-wheel shaft, and provides an exceedingly sensitive automatic adjustment for the same, whereby the saw is kept properly strained. The front bearing of the lower band-wheel shaft is secured to a permanent fixed shaft, which has its front end secured to the lower member of the outside supporting column, and its rear end to a hanger depending from the base of the main frame. This bearing is not adjustable. A hood or shield overhangs the lower band wheel, and has an upper segmental flange through which it is bolted to the main frame."

The patentee's specification and drawing show the front supporting column to be cast in one piece, and a portion of his language, considered by itself, justifies the contention that this was his invention; that is, the casting in one.piece. He says, after describing the defects of other machines, what he claims as his own:

"In machines of this kind heretofore constructed, the supports for the. bearings of the upper and lower band wheels were made separate and independently attached to the supporting frame. The strain of the saw, of course, tended to draw the upper and lower band wheels at an angle to each other, thereby causing the saw to run unevenly, or require separate adjustment of the upper band wheel vertically, as well as what is known as 'cross-line adjustment,' to make the saw run true after each straining or slackening of the saw tension. To overcome these defects, I have provided a single casting, which is firmly secured to the supporting frame in such manner as to receive the front bearings of both band wheels. I have also provided a back bearing for the shaft of the upper band wheel," etc.

But on page 3 he further says:

"I have shown and described what I believe to be the simplest and best means of embodying my invention; but it is obvious that many mechanical changes may be made without departing from its spirit and scope, and I would hence have it understood that I consider all such mechanical changes as mere modifications of my invention."

But manifestly, if casting in one piece is the best, its advantages are secured by casting in two pieces, and bolting them together, as in the machine of the respondent. It is certainly an equivalent, and could not be excluded except by express words of the patentee, confining his invention to the other form. However, it is a close question if there is invention in it, and I have yielded somewhat to the presumptions of the patent.

The view is clear as to the straining devices. There are undoubtedly invention and novelty in them, and those used by the respondent are substantially similar. It imitated as clearly as it dared, and not make exact resemblance. A decree will be entered for the complainant.